**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:16-CV-827-MOC-DCK**

| | |
|---|---|
| **NICOLE DAVIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **ACCENTURE LLP,** | ) |
| | ) |
| **Defendant.** | ) |

## STIPULATED PROTECTIVE ORDER

**IT IS HEREBY STIPULATED AND AGREED**, by and between plaintiff Nicole Davis, on the one hand, and defendant Accenture LLP, on the other hand (collectively, the "Parties," and each a "Party"), through their undersigned attorneys in the above-captioned action (the "Action"), as follows:

1. "Discovery Material," as such term is used herein, shall refer to:

    (a) all recorded or transcribed testimony of the Parties;

    (b) all documents and other discovery materials produced by either Party (i) in response to any discovery request, (ii) pursuant to any Order or direction of the Court in the Action (the "Court"), or (iii) pursuant to any agreement of the Parties;

    (c) all recorded or transcribed testimony of any person or entity that is not a party to the Action (a "Non-Party"); and,

    (d) all documents or other information submitted or produced by any Non-Party (i) in response to any subpoena issued in connection with or arising from the Action, (ii) pursuant to any Order or direction of the Court, or (iii) pursuant to any agreement with the Parties, or with any Party.

2. All Discovery Material disclosed by the Parties or any Non-Party in the Action shall be handled in accordance with this Stipulated Protective Order (the "Protective Order").

3. Any Party or Non-Party may designate as "Confidential" any Discovery Material that it deems in good faith is entitled to protection as business information of a proprietary or confidential nature, as sensitive information concerning individuals who are not parties to the Action, or the disclosure of which would cause harassment, annoyance, embarrassment or oppression (as so designated, "Confidential Discovery Material"). Any "Confidential" designation will be fully applicable to any information contained in or derived from any Discovery Material so designated. All documents designated as "Confidential" shall be treated as Confidential Discovery Material.

4. The Parties shall not use or disclose the Confidential Discovery Material other than in connection with the Action and in accordance with this Protective Order.

5. Documents produced in the Action may be designated "Confidential" by marking the pages of such documents with such designation, or, if the document is in a format that cannot be stamped confidential, by providing documents with a cover letter which designates them as "Confidential."

6. Any recorded or transcribed testimony may be designated as "Confidential" within thirty (30) days following receipt by the designating Party or Non-Party of a copy thereof, and any testimony so designated shall be treated as Confidential Discovery Material under the terms of this Protective Order. Prior to the conclusion of such thirty-day period, all recordings or transcripts, and the information contained therein, will be deemed to be Confidential in their entirety under the terms of this Protective Order.

7. A Party's inadvertent production of any Discovery Material lacking a "Confidential" designation will not be deemed a waiver of that Party's claim to the confidential nature of such Discovery Material, or estop said Party from designating said Discovery Material

as "Confidential" at a later date.  Disclosure of said Discovery Material by the receiving Party before such later designation shall not be deemed a violation of the provisions of this Protective Order.

8. Neither Party shall be obligated to challenge the propriety of the designation of any Confidential Discovery Material, and a failure to do so shall not preclude any subsequent objection to such designation or any motion to seek permission to disclose such Confidential Discovery Material to persons not referred to in this Protective Order, or from otherwise modifying the provisions of this Protective Order.

9. A Party may at any time notify the other Party, in writing, or in the case of testimony, either upon the record of such testimony or in writing later, of its objection to the designation of any material as Confidential Discovery Material.  If the objection cannot be resolved by agreement of counsel within a reasonable period of time thereafter, the Party seeking such designation may seek resolution of the matter from the Court.  In the event such resolution is sought, the Party seeking to maintain such designation shall bear the burden of proof on that issue. The Discovery Material shall be treated as Confidential Discovery Material and remain subject to this Protective Order until the matter has been resolved by agreement of counsel of record or by Order or direction of the Court.

10. No Confidential Discovery Material may be disclosed to any person except:

    (a) the Parties;

    (b) counsel of record and such counsel's employees and agents;

    (c) such *bona fide* outside experts and consultants as counsel may, in good faith, require to provide assistance in the conduct of the Action;

(d) the Court (including court reporters, stenographic reporters and other Court personnel);

(e) third party witnesses who counsel reasonably deem necessary for the preparation for and trial of this Action, including but not limited to deponents who are the author, recipient or subject matter of the Confidential Discovery Material; and,

(f) any other person as to whom the producing Party agrees in writing.

11. The provisions of this Protective Order are without prejudice to the right of either Party to seek other or additional protection from the Court for any documents or information that such Party believes may not be adequately protected by the provisions of this Protective Order. Each of the Parties specifically reserves the right to seek from the Court a modification of this Stipulated Protective Order to provide for a more restrictive "Attorney Restricted" designation and/or an order to file under seal with respect to any Discovery Material that the Party deems in good faith to require such additional protection.

12. Before making disclosure of any Confidential Discovery Material to anyone described in Paragraph 10 above, except those persons described in subsections (a), (b) or (d) of such paragraph, a Party must obtain an agreement in writing, in the form attached hereto as Exhibit A, from such person reciting that he or she has read a copy of this Protective Order and agrees to be bound by its provisions, including, without limitation, (i) that he or she will not use or disclose the Confidential Discovery Material other than in connection with the Action, and (ii) that he or she will return to counsel of record, at the conclusion of his or her involvement in the Action, but in no event later than the conclusion of the Action, all Confidential Discovery Material that has been provided to him or her and all copies thereof ("Supplemental Confidentiality Agreements"). Such persons shall not make any copies of Confidential Discovery Material except as may be

necessary in connection with their participation in the Action.  Each Party shall maintain a list of all persons who have executed Supplemental Confidentiality Agreements, and, upon request of the other Party, make such list available for inspection and copying.

13. Each Party represents and agrees that, should it become necessary for any reason to file with the Court any Confidential Discovery Material, such Party will use its best, good faith efforts to maintain the confidentiality of any such Confidential Discovery Material, including but not limited to seeking permission to file under seal any such Confidential Discovery Material.

14. Each Party consents to the submission of this Protective Order to the Court to be "So Ordered," at any time during the pendency of the Action.

15. Within thirty (30) days following the request of the producing Party after termination of the Action, all Confidential Discovery Material, including all copies, excerpts, notes and other materials containing or summarizing information derived therefrom, shall be returned to the producing Party's attorneys or destroyed, and all persons who possessed such material shall verify in writing its return or destruction.

16. Nothing contained in this Protective Order shall be deemed a waiver of any privilege or immunity or to affect in any way the admissibility of any document, testimony, or other evidence in the Action.  The provisions of this Protective Order are without prejudice to the right of any Party or Non-Party to seek other or additional protection from the Court for any documents or information that such Party or Non-Party believes may not be adequately protected by the provisions of this Protective Order.

17. The inadvertent production or disclosure of any document or communication otherwise protected by the attorney-client privilege or work product immunity shall not operate as a waiver of any such privilege or immunity if, after learning of the inadvertent production or

disclosure, the Party who made the inadvertent production or disclosure sends to any receiving Party notice of such inadvertent production or disclosure, and, where applicable, a written request for the return or destruction of the inadvertently produced document.  Upon its receipt of such a request, the receiving Party shall immediately take all necessary steps to return or destroy such document, including all copies and electronic copies thereof, and all documents derived therefrom or containing a description of such document or communication, and shall make a written certification to the producing Party of its compliance with such request.  If the receiving Party disclosed the inadvertently produced document or communication prior to notification by the producing Party, the receiving Party shall take reasonable steps to retrieve the inadvertently produced document or communication.

18. Nothing in this Protective Order shall preclude any modification of this Protective Order by written agreement of the Parties, or shall preclude any Party from applying to the Court for an Order modifying this Protective Order.

19. Any disputes arising out of this Protective Order, or the enforcement thereof, shall be submitted to the Court.

**SO ORDERED**.

Signed: May 9, 2017

David C. Keesler
United States Magistrate Judge

| | |
|---|---|
| /s/ Julie H. Fosbinder<br>Julie H. Fosbinder<br>Fosbinder Law Office<br>501 East Morehead Street<br>Suite One<br>Charlotte, NC 28202<br>Telephone: (704) 333-1428<br>Facsimile: (704) 333-1431<br>jhanfos@aol.com<br>Attorneys for Plaintiff | /s/ Amanda J. Muehlhausen<br>Wood W. Lay<br>Amanda J. Muehlhausen<br>WINSTON & STRAWN LLP<br>100 North Tryon Street, Suite 2900<br>Charlotte, North Carolina 28202<br>Telephone: (704) 350-7700<br>Facsimile: (704) 350-7800<br>wlay@winston.com<br>amuehlhausen@winston.com<br>Attorneys for Defendant |

# **EXHIBIT B**

I, _____, hereby acknowledge that I have read the foregoing Stipulated Protective Order (the "Protective Order") in the action captioned *Nicole Davis v. Accenture LLP*, Civil Action No. 3:16-cv-00827-MOC-DCK, that I understand the terms of the Protective Order, that I agree to be bound by such terms, and that I agree to submit to the jurisdiction of the Court with respect to enforcement of the Protective Order.

Dated: _____

_____
Signature

_____
Print Name

_____
Address